23139

Alberta DAVENPORT, Petitioner v. STATE OF South Carolina, Respondent.

(389 S. E. (2d) 649)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling, Office of Appellate Defense*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.*, Columbia, *for respondent.*

Submitted Sept. 20, 1989.

Decided Jan. 22, 1990.

*Per Curiam:*

Certiorari was granted to review the denial of Petitioner Alberta Davenport's (Davenport) application for post-conviction relief (PCR). We reverse.

## FACTS

On May 3, 1986, Davenport shot and killed her husband, Johnny Lee Davenport. After her arrest, she was committed to the State Hospital. There, physicians determined that, though competent to stand trial, Davenport lacked "the capacity or ability to differentiate right from wrong at the time of the alleged offense."

On advice of counsel, Davenport pled "guilty but mentally ill" to murder, and was sentenced to life.

## ISSUE

The sole issue we address is whether the judge erred in denying Davenport's application for PCR.

## DISCUSSION

The PCR judge found that counsel was not ineffective in advising Davenport to plead guilty but mentally ill to murder. We disagree.

An accused who lacks the capacity to distinguish moral or legal right from moral or legal wrong at the time of the crime is relieved of responsibility for his acts. *State v. Law*, 270 S. C. 664, 244 S. E. (2d) 302 (1978): *State v. Cannon*, 260 S. C. 537, 197 S. E. (2d) 678 (1973). This is the M'Naghten insanity defense, codified as S. C. Code 17-24-10 (Cum. Supp. 1988).

Here, counsel, although fully aware that the State's *own* psychiatrist had diagnosed Davenport as legally insane at the time of the crime, failed to adequately apprise her of the M'Naghten defense which, if established, would have relieved her of criminal responsibility. We hold that counsel was ineffective in advising Davenport to plead

"guilty but mentally ill" to murder, an offense which carried a mandatory life sentence.

The judgment above is reversed.

Reversed.